# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-211-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CORRECTIONAL OFFICER** ) | |
| **BIRCHFIELD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

Plaintiff, a North Carolina prisoner, filed a complaint under 42 U.S.C. § 1983 alleging the defendant used excessive force against him and confiscated his "160 property slip." Plaintiff states that the defendant has also threatened him and referred to him using a racial epithet.[1] Plaintiff maintains that he is handicapped, and the defendant violated his safety when he put his hands on him.

In his claim for relief, Plaintiff seeks the termination of the defendant's employment with the DPS, in any capacity, damages in the amount of $15,000 and a transfer to PCI Correctional in Salisbury, North Carolina. Finally, Plaintiff seeks the termination of the defendant's supervisors because they did not take the Plaintiff's complaints about the defendant seriously. (Doc. No. 1 at

---

[1] According to the website of the North Carolina Department of Public Safety ("DPS"), Plaintiff is a prisoner of the State of North Carolina and is presently incarcerated in the Mountain View Correctional Institution. Plaintiff was convicted on felony breaking and entering (principal) and his projected release date is November 16, 2014.

1

4).

## II.     STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.     DISCUSSION

Plaintiff alleges that the defendant used excessive force for an undisclosed reason when visiting his cell and confiscated property from him. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," and protects prisoners from the "unnecessary and

wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal citation omitted).

As noted, Plaintiff is presently incarcerated and was so at the time he filed this complaint. Accordingly, he is bound to satisfy certain statutory requirements before he can pursue relief under § 1983 in federal court. The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health

Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte raising the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he has exhausted his available administrative remedies by filing grievances on July 17 and 18, 2013. In the grievances, Plaintiff asserts that he raised a violation of unnamed constitutional rights, communicating threats, and a violation of unidentified safety laws. Plaintiff does not disclose the precise outcome following the filing of these grievances but he maintains that he appealed the adverse decisions to the highest possible level. Specifically, Plaintiff states that he mailed the denial of his grievances to Raleigh although he does not say on what date.[2] (Doc. No. 1 at 2). Accepting as true Plaintiff's contention that he mailed the denials to Raleigh, it appears that he had just begun to participate in Step Three of the ARP prior to filing his complaint.

Plaintiff's complaint appears to have been signed on July 23, 2013. (Doc. No. 1 at 2). And the envelope containing his complaint was postmarked on July 24, 2013, and his complaint was received and filed by the clerk of court on July 25, 2013. (Doc. No. 1-1). The Court finds that from this record, the Plaintiff had not exhausted his available administrative remedies prior

---

[2] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the three-step Administrative Remedy Procedure ("ARP") which controls the filing of grievances in North Carolina prisons); see also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A).

4

to filing his complaint. The Court will therefore dismiss Plaintiff's complaint without prejudice for failure to satisfy the mandatory requirements of the PLRA

## IV. CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiff's motion to amend his complaint is **DENIED** without prejudice. (Doc. No. 5).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 16, 2013

Frank D. Whitney
Chief United States District Judge